By the Court.—Sedgwick, Ch. J.
—The purpose of the Code, in its provisions as to the examination of parties *130 before trial, is to allow the opposite. party to obtain before trial, testimony that may be used as testimony upon the trial. If the papers upon which the examination was ordered, show upon their face, that it is to be used, not to obtain evidence for the trial, but for another object, the order should be vacated.
The affidavit on which the order for examination was granted, uses an ambiguous phrase in averring that deponent “ desires to examine the plaintiff, and purposes to use the testimony so taken upon the trial of this action.” If this were all, and were not afterwards qualified, the appeal would be determined by the real meaning of this averment. It is, however, qualified so as to give a meaning to the whole affidavit, which shows affirmatively that the purpose was not to read the examination upon the trial as evidence in the cause. The affidavit proceeds to aver that the examination is material and necessary in the preparation and defense of the action. It has always been held that an examination cannot be had to prepare for a . defense or for trial. This particular averment means, under the circumstances, that the examination is necessary for the defense, inasmuch as preparation is necessary for defense. For, the affidavit then states, that the facts which render the examination material and necessary, are the following, viz.; that the complaint alleges certain facts, but omits to set forth certain other facts, and “without these and other important facts and details, defendant cannot properly prepare the defense in this action, and safely proceed to trial.” As to the rest of the facts, of which knowledge or information is asked, the affidavit says, “to properly prepare this case for trial, it is material and necessary that an examination of the plaintiff be had before trial.”
In this way the papers affirmatively show that the object of the examination was not to procure testimony upon the trial, but information to use in preparation for trial. For this reason the motion to vacate the order for examination should have been granted.
*131 Order appealed from reversed with $10 costs, and order vacating order for examination- granted with $10 costs to plaintiff, to abide event.
O’Gorman, J., concurred.